IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ETHAN ROSS FRIAR                                                                    PLAINTIFF

v.                                    Civil No. 5:23-cv-05199-TLB-CDC

SHERIFF JAY CANTRELL, Washington
County, Arkansas; and TECH FRIENDS, INC.,
Mail Contractor                                                             DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff has filed this civil rights action under 42 U.S.C. § 1983 against Sheriff Cantrell

and Tech Friends, Inc., the company that processes and delivers inmate mail.   Plaintiff is being

detained at the Washington County Detention Center (WCDC).   Plaintiff is proceeding *pro se* and

*in forma pauperis*.

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L.

Brooks, United States District Judge, referred this case to the undersigned for the purpose of

making a Report and Recommendation.   The case is before the Court for preservice screening of

the Complaint (ECF No. 1) under 28 U.S.C. § 1915A.   Pursuant to § 1915A, the Court has the

obligation to screen any complaint in which a prisoner seeks redress from a governmental entity

or officer or employee of a governmental entity.

## I.        BACKGROUND

According to the allegations of the Complaint, on January 28, 2023, Plaintiff's mail was

delivered to another inmate: Ethan Driskill.   (ECF No. 1 at 4).   Plaintiff says that Tech Friends,

Inc., employed by Defendant Cantrell, was responsible for delivering his mail to the wrong inmate.

*Id.* at 5.   Plaintiff alleges Tech Friends, Inc., insufficiently performed its duties of screening and

1

distributing inmate mail.   *Id.*   Plaintiff maintains Defendant Cantrell failed to assist him in resolving the issue through the request and grievance process.   *Id.*   As relief, Plaintiff requests compensatory and punitive damages.   (ECF No. 1 at 9).   Plaintiff also requests that his wrongly delivered mail be given to him.   *Id.*

## II.    LEGAL STANDARD

Under § 1915A, the Court is obligated to screen the case prior to service of process being issued.   The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact."   *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right.   *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987).   A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'"   *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).   This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal

2

framework." *Jackson*, 747 F.3d at 544 (cleaned up).   However, the complaint must still allege specific facts sufficient to support a claim.   *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.   DISCUSSION

A detainee has a First Amendment right to send and receive mail.   *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989).   The right may be restricted for legitimate penological concerns.   *Id.* To state a claim for interference with non-legal incoming mail, a detainee must show a pattern and practice of inference rather than a single isolated incident.   *Davis v. Goord,* 320 F.3d 346, 351 (2nd Cir. 2003); *Wheeler v. Sayler, et al.,* Case No. 1:22-cv-038, 2023 WL 4565595, *5 (D.N.D. June 5, 2023)(same); *Cf. Beaulieu v. Ludeman,* 690 F.3d 1017, 1037 (8th Cir. 2012)("an isolated incident of opening legal mail with no evidence of interference with an inmate's right to counsel or access to the courts is insufficient to state a claim").   As alleged by Plaintiff, this case involves only a single occasion on which Plaintiff's mail was mistakenly sent to the wrong inmate.   This is insufficient to state a claim of constitutional dimension.

## IV.   CONCLUSION

For these reasons, it is recommended that:

(1) the case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted;

(2) Plaintiff is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the **Clerk** is directed to place a § 1915(g) strike flag on the case for future judicial consideration; and

(3) the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

Status of Referral:   Terminated.

**DATED** this 27th day of November 2023.

*Christy Comstock*

CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE